UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

TIA JASPER,

                           Defendant.

18 Cr. 390-18 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

    Defendant Tia Jasper this afternoon filed a letter-motion seeking her immediate release pursuant to the compassionate release statute, 18 U.S.C. § 3582(c). Dkt. 438. Ms. Jasper, who was sentenced to a term of four months imprisonment, is scheduled for release on or about May 11, 2020. *Id.* at 1. She seeks release based on having an immune-inflammatory disease, Crohn's Disease. *Id.* at 2. This condition was documented for the Court at the time of Ms. Jasper's sentencing. *See id.* at 2 n.1. In seeking her compassionate release, Ms. Jasper's counsel cites medical literature to the effect that patients with this disease who contract COVID-19 face heightened health risks. *See id.* at 2.

    Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *id.* § 3582(c)(1)(A)(i). The Court must also consider

the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.*
§ 3582(c)(1)(A).

The Court directs the Government forthwith to respond to Ms. Jasper's application, and in no event later than Tuesday, April 7, 2020, at 5 p.m.

The Court offers the following guidance, which may be of assistance to the BOP in determining whether and when to grant Ms. Jasper's pending petition for release and, if the BOP is unprepared to do so, to the Government in formulating its position:

1. In the Court's view, assuming arguendo that persons with Crohn's Disease do face enhanced dangers from COVID-19, Ms. Jasper's application for compassionate release appears unusually compelling and obviously meritorious, for multiple reasons. She is 36 days away from her release date. She is the mother of two young children whose father, co-defendant Maurice Hartley, faces a mandatory minimum sentence of 10 years imprisonment. She presents no serious danger to the community if released: On the contrary, as the Court explicitly recognized at sentencing, Ms. Jasper's offense was anomalous. It involved abetting Hartley's drug business, which the Government has successfully terminated. Ms. Jasper's contributions to her community have been impressive and extensive, including lauded service as a PTA president. At the time of Ms. Jasper's sentencing, the Court determined that the § 3553(a) factors required a four-month sentence, principally to reflect the gravity of her offense. But § 3553(a) instructs a sentencing court to consider, *inter alia*, the "history and characteristics of the defendant" and "the need . . . to provide the defendant with needed . . . medical care." 18 U.S.C. § 3553(a). These factors weight differently now so to favor immediate release. Had the Court known that sentencing Ms. Jasper to serve the final 36 days of her term in a federal prison

would have exposed her to a heightened health risk, the Court, of course, would have directed that these 36 days be served instead in home confinement.

2. Ms. Jasper filed her application for compassionate release with the BOP on March 25, 2020. It is reasonable to expect, and the Court is hopeful, that the BOP will be able to reach a decision on that application by Tuesday, April 7, 2020, at 5 p.m., when the Government's letter is due. The Court, which has far deeper familiarity with Ms. Jasper's underlying history and offense circumstances than the BOP, here has deliberately given the BOP clear guidance on her suitability for compassionate release. This should facilitate a prompt decision by the BOP.

3. The Court is respectful that, were the BOP to fail to resolve Ms. Jasper's application, the Government would have available a substantial legal argument that Ms. Jasper has not exhausted her administratively remedies because 30 days have not elapsed since Ms. Jasper's application was filed. The Court, however, is hopeful that the Government will elect not to stand on that requirement here. Insistence on that requirement would close to moot Ms. Jasper's petition, given the short time she has left to serve. The Court is mindful too that the United States Attorney's Office for this District, to its credit, has elected not to stand on the requirement of administrative exhaustion in certain cases brought before judges in this District during the COVID-19 crisis. The Court would be surprised if Ms. Jasper's case for compassionate release were any less compelling than these. In the event, however, that the Government does invoke administrative exhaustion here, the Court expects that the Government, in its letter, will carefully distinguish each such case from Ms. Jasper's, and certify that the chief of the criminal appeals unit of the Office is comfortable with these distinctions.

In light of the urgency of this matter, the Court's staff, by email, is sending this order as signed to Government and defense counsel tonight, *i.e.*, Saturday, April 4, 2020, at 8 p.m., recognizing that it is unlikely to be docketed immediately.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 4, 2020
       New York, New York