UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v- | 18 Cr. 390-18 (PAE) |
| | <u>ORDER</u> |
| TIA JASPER, | |
| Defendant. | |

PAUL A. ENGELMAYER, District Judge:

On April 4, 2020, defendant Tia Jasper filed a letter-motion seeking her immediate

release pursuant to the compassionate release statute, 18 U.S.C. § 3582(c). Dkt. 438. Ms.

Jasper, who was sentenced to a term of four months imprisonment, is scheduled for release on or

about May 11, 2020. *Id.* at 1. She sought release based on having an immune-inflammatory

disease, Crohn's Disease. *Id.* at 2. This condition was documented for the Court at the time of

Ms. Jasper's sentencing. *See id.* at 2 n.1. In seeking her compassionate release, Ms. Jasper's

counsel cited medical literature to the effect that patients with this disease who contract

COVID-19 face heightened health risks. *See id.* at 2.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has

fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to

bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it

finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such

a reduction is consistent with the applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(1)(A); *id.* § 3582(c)(1)(A)(i). The Court must also consider

the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.*
§ 3582(c)(1)(A).

Later on April 4, 2020, the Court issued an order, setting out, in detail, its view that, measured against these standards, Ms. Jasper's circumstances presented a compelling case for compassionate release. Dkt. 439 at 2–3. The Court furnished this guidance because, given its familiarity with Ms. Jasper's underlying case and offense circumstances, such might assist the BOP in reaching a prompt decision on Ms. Jasper's application. *Id.* In the event that the BOP was unprepared to resolve Ms. Jasper's application expeditiously, the Court also encouraged the Government, for various reasons including the strength of Ms. Jasper's application for release and the short period of time that Ms. Jasper had left to serve, not to stand on § 3582(c)(1)(A)'s requirement of administrative exhaustion.

Today, April 6, 2020, the Government filed a letter in response to Ms. Jasper's application. Dkt. 440. To the Government's credit, it has elected not to stand on the requirement of administrative exhaustion in Ms. Jasper's case. *Id.* at 1. The Government also agreed not to oppose Ms. Jasper's application, largely for the same reasons outlined in the Court's April 4, 2020 order. *See id.* These reasons include the following:

1.      Ms. Jasper suffers from Crohn's disease, and the medical literature cited by Ms. Jasper's counsel suggests that patients with Crohn's disease who contract COVID-19 face heightened health risks;

2.      The Court has found that Ms. Jasper presents no serious danger to the community if released. As the Court recognized at her sentencing, the 18 U.S.C. § 3553(a) factors counseled in favor of a four-month term of incarceration, principally to reflect the gravity of her offense. However, the § 3553(a) factors—specifically, their instruction for a sentencing court to consider

the "history and characteristics of the defendant," and "the need . . . to provide the defendant with needed . . . medical care," 18 U.S.C. § 3553(a)—now weigh in favor of her immediate release, given the health risk that continued incarceration at the MDC presents for her;

3.      Ms. Jasper has served the majority of her term of incarceration, and has only approximately 34 days left to serve; and

4.      Given that Ms. Jasper's term of incarceration is expected to end on May 11, 2020, insistence that she wait 30 days before seeking relief from the Court would close to moot her application for compassionate release.

Accordingly, the Court grants Ms. Jasper's unopposed motion.  The Court directs that Ms. Jasper be released forthwith and immediately commence the term of supervised release ordered by the Court.

The Court has previously ordered that Ms. Jasper spend the first six months of her term of supervised release on home confinement.  She is to spend that term of home confinement at La'Tonya Baily Dickson's apartment, located at 1595 Odell Street, Apartment 7E, Bronx, New York 10462, to which Ms. Jasper is to proceed forthwith upon her release.  During the period of home confinement, she is to be permitted to leave the apartment only for medical appointments, visits with counsel, and to attend to needs of her children, or as otherwise authorized in advance by the United States Probation Department.

The Court further directs that, in the interests of others' health, Ms. Jasper spend the first 14 days of her term of home confinement in self-quarantine at that apartment, and that she not leave the apartment except as authorized in advance by the Probation Department on a showing of medical need.

The Court directs that by Friday, April 10, 2020, the Government and the defense, in consultation with the Probation Department, supply the Court with a proposed order memorializing the full conditions of home confinement, including conditions as to the means by which the Probation Department will monitor Ms. Jasper's whereabouts and compliance.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: April 6, 2020
New York, New York